```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X
ERIC VAN ZON,                            :
                                         :
             Plaintiff,                  :
                                         :
      -against-                          :    OPINION and ORDER
                                         :    06 Civ. 0086 (JFK)
                                         :
SHARON POWERS,                           :
                                         :
             Defendants.                 :
-----------------------------------------X
```

**JOHN F. KEENAN, United States District Judge**:

Defendant moves to transfer this personal injury action, brought in diversity, to the Northern District of New York on the ground that venue in the Southern District is improper. For the reasons that follow, the motion is granted.

### Background

Plaintiff Eric Van Zon ("Van Zon") commenced this action on January 5, 2006 by filing a summons and complaint in this Court. The Complaint ("Compl.") alleged that, on February

1, 2005, Defendant Sharon Powers ("Powers") negligently operated her motor vehicle so as to strike and injure Van Zon while Van Zon was a pedestrian in a public parking lot in Egremont, Massachusetts.  The Complaint alleged that Van Zon resided in Egremont, Massachusetts and that Powers resided at 52 Riverside Drive, in the County, City, and State of New York ("52 Riverside Drive").  (Compl. ¶¶ 2, 4.) The Complaint further alleged that, under 28 U.S.C. § 1391(a)(1), venue was proper in the Southern District because Powers, the sole defendant, resided within that district. (Id. ¶ 5.)

Defendant Powers filed an Answer on February 8, 2006, which denied, inter alia, that Powers resided at 52 Riverside Drive and that venue was proper in the Southern District. (Answer, ¶ 2)  The Answer also asserted the affirmative defense that the complaint should be dismissed on the grounds of inconvenient or improper venue. (Id. ¶ 12.)

On May 26, 2006, Powers testified under oath at a pre-trial examination.  Powers stated that she resided at 201 North Mountain Road, Copake Falls, New York 12517 ("Copake Falls"). (Defendant's Counsel's Affidavit in Support of Motion to Transfer Venue ("Def. Aff."), Ex. C. at 5.) Powers stated that she first took up residence at Copake Falls in 1996, after returning from a period of 16 years during which she resided abroad. (Id. at 10.) Powers testified that her mother, Helen Powers, resided at 52

Riverside Drive, and Powers sometimes visited her mother at that address. (Id. at 7-8.) Powers stated, however, that she never resided at 52 Riverside Drive. (Id.) She conceded that although 52 Riverside Drive "might have been my American mailing address," (Id. at 9-10), during her residence abroad, she never regularly received mail at 52 Riverside Drive. (Id. at 53.) When asked whether she received mail in her name at 52 Riverside Drive during various months of 2005 and 2006, Powers stated, "I may receive some junk mail still," but otherwise testified that she had no knowledge about receiving mail at 52 Riverside Drive. Powers also stated that the house at Copake Falls is owned by her mother, Helen Powers. (Id. at 8.)

Powers also has provided the Court a copy of her driver's license, which lists her address as "201 North Mtn. Rd., Copake Falls, New York 12517." (Defendant's Counsel's Affidavit in Reply ("Def. Aff. Rep."), Ex. A.)

Defendant maintains that Powers' testimony establishes that "at the time of the accident and all relevant times she was a resident of Copake Falls," a town in Columbia County, which is located in the Northern District of New York. (Def. Aff. ¶ 18.) Accordingly, Powers asserts that venue is improper in the Southern District.

Van Zon counters that Powers "maintains multiple residences including 52 Riverside Drive." (Plaintiff's Counsel's

Affirmation in Opposition to Motion to Transfer Venue ("Pl. Aff.") ¶ 2.)  According to plaintiff, "defendant's venue motion is not based upon Ms. Powers' residential addresses, but upon her counsel's belief that, should this matter proceed to trial, a jury seated in Albany will be less generous to the plaintiff than a jury seated in New York County." (Id. ¶ 5.)  In support of the assertion that Powers actually resides at 52 Riverside Drive, plaintiff submits the following evidence:  (1) proof from the United States Postal Service, in response to plaintiff's request under the Freedom of Information Law, that Powers received mail at 52 Riverside Drive on nine separate occasions over an eleven month span, from June 15, 2005 to May 8, 2006; (2) the affidavit of Curtis Warren, a process server, who states that "Mr. Hysen", a building employee at 52 Riverside Drive, accepted service of process from Warren after Warren stated that he had legal papers to deliver to Powers; that Hysen "advised me that he was authorized to accept service of the legal papers on behalf of Sharon Powers" (Answer, Ex. C ¶ 3); and that after Warren sent service of process to "Sharon Powers" at 52 Riverside Drive, via first class mail, the mailing was not returned to Warren; (3) proof that the defendant's sister registered her motor vehicle at Copake Falls; and (4) proof that Powers and Powers' daughter maintain motor vehicle insurance at Copake Falls.

        Plaintiff contends that Powers has submitted no proof,

beyond her own sworn testimony, that she does not reside at Helen Power's apartment at 52 Riverside Drive.  Plaintiff further argues that Power's receipt of mail at 52 Riverside Drive during 2005 and 2006, and Hysen's acceptance of legal papers on Powers' behalf, contradict Powers' sworn testimony.

## Analysis

As an initial matter, the Court notes that Powers has moved for a transfer of venue pursuant to 28 U.S.C. § 1404(a). (Def. Aff. ¶¶ 11, 22.)  Section 1404(a) states:

> For the convenience of parties and witnesses in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Section 1404(a) "supplant[s] the common law doctrine of forum non conveniens for transfers between United States district courts." Capital Currency Exch. v. National Westminster Bank PLC, 155 F.3d 603, 607 (2d Cir. 1998).  Transfer of venue under Section 1404(a), however, is warranted "only if venue is proper in both the court transferring the action and the court to which the action is transferred." Hall v. South Orange, 89 F. Supp. 2d 488, 490 (S.D.N.Y. 2000).  Here, the defendant argues for a transfer of venue on the ground that venue in the Southern District is improper because Powers, the sole defendant, does not

reside within the district.  Powers' motion, therefore, is properly treated as being made pursuant to 28 U.S.C. § 1406(a), which provides in relevant part that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  "Section 1406(a) applies where the court in which the action was filed lacks jurisdiction and must either dismiss or transfer the action to an appropriate forum." Hall, 89 F. Supp. 2d at 490.

Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper. ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 276 (S.D.N.Y. 2000).  The court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and "when an allegation is so challenged '[a] court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" Port Authority of New York & New Jersey, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352 (1990 & Supp.1999)).

In diversity actions, venue is proper only in three

6

situations:  "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Van Zon's complaint alleges that venue is proper in this Court because Powers resides at 52 Riverside Drive, which is in the Southern District.  In other words, venue is predicated only on 28 U.S.C. § 1391(a)(1).  The other two prongs of the statute are not applicable:  the second prong does not apply because the events that gave rise to the action occurred exclusively in Egremont, Massachusetts; and the third prong does not apply, because there are other judicial districts, such as the District of Massachusetts, in which the action could be brought.  Thus, the Court must determine whether Sharon Powers resides at 52 Riverside Drive.  Powers has submitted extrinsic evidence to challenge Van Zon's allegation that she resides at the New York City address, and the Court therefore must examine the documents extrinsic to the pleadings that both parties have submitted.

Sharon Powers testified unequivocally, under oath, that

she did not reside at 52 Riverside Drive.  She has submitted a copy of her New York State driver's license, which lists her address as being the Copake Falls address.  According to Powers' testimony, the only connections she has with 52 Riverside Drive are (1) that her mother resides at that address; (2) that she has visited her mother at that address; and (3) that for a period of approximately 16 years leading up to 1996, she received mail in her name care of that address while she resided abroad and that she may still continue to receive junk mail in her name at that address.

Plaintiff has submitted no evidence to contradict or cast doubt upon Powers' sworn statements.  Far from calling Powers' testimony into question, the evidence submitted by Van Zon actually helps to confirm Powers' statements.  Plaintiff presents the fact that nine pieces of mail, addressed to "Sharon Powers", were sent to 52 Riverside Drive over an 11-month period, as proof that Powers actually resides at that address.  However, the receipt of a few pieces of mail, over the span of nearly one year, at an address where Power's mother resides and where Powers herself received mail in her name in the 16 years she resided abroad, is hardly evidence of Powers' current residence at 52 Riverside Drive.  Rather, as the defendant correctly points out, the "receipt of nine items over a year is further proof she lives elsewhere." (Def. Aff. Rep., ¶ 10.)  Certainly, if Powers

8

actually resided at 52 Riverside Drive, plaintiff's Freedom of Information Law Request would have yielded abundantly more mail than a mere nine pieces, which translates to less than one item of mail delivered per month.

  Plaintiff also submits as proof of Powers' residence the fact that a building employee accepted service of process on her behalf.  Defendant correctly observes that the "mere fact that a doorman accepted a package for a tenant's daughter does not confer venue on a party." (Def. Aff. Rep. ¶ 11.)  It is logical to assume that, as defendant points out, Hysen accepted service of process and later provided Powers with the legal papers "when she visited her mother at this location." (Id.)

  Further, plaintiff contends that, because service of process was mailed to Powers at 52 Riverside Drive and was not returned to the process server as undeliverable, Powers must actually reside at that address.  Common sense strongly suggests, however, that Helen Powers, having received legal mail addressed to her daughter, decided to retain the mail rather than return it to the sender as undeliverable.  The fact that the mailing was not returned as undeliverable does not constitute proof that Powers actually resides at 52 Riverside Drive.

  Finally, plaintiff asserts that, although Powers testified that her mother, sister, and daughter each resided at an address different from Copake Falls, her testimony is

contradicted by "the records of the defendant's insurance carriers and/or the records maintained by New York's Department of Motor Vehicles." (Pl. Aff., ¶ 10.)  Specifically, plaintiff submits a copy of Powers' motor vehicle insurance policy, which lists her address as Copake Falls and which names her daughter, Sarah Rose Adler, as an additionally insured driver. (Pl. Aff., Ex. D.).  Plaintiff also asserts that "the defendant's sister registered a motor vehicle at the Copake Falls address." (Pl. Aff., ¶ 10.)  Plaintiff asserts that Powers and her relatives have registered their vehicles at Copake Falls because it is "not unusual for a person (a resident of New York City) to register a motor vehicle at an upstate address to avoid the high cost of motor vehicle ownership within the City of New York." ((Pl. Aff., ¶ 11).  The Court fails to see, however, how the fact that Powers' sister registered a vehicle at Copake Falls, or the fact that Powers' daughter is named as an additionally insured driver on an insurance policy that lists Copake Falls as Powers' address, has anything to do with the question of whether Powers resides at Copake Falls or 52 Riverside Drive.  If anything, plaintiff's submission of an insurance policy that lists Powers' address as Copake Falls is further proof that Powers, in fact, actually resides at that address.  Plaintiff's unfounded speculation about Powers' and her family's possible motives for registering motor vehicles at an upstate New York address rather

than in New York City, as well as plaintiff's speculation about defendant's wish to have the case tried before a potentially "less generous" Albany jury, are without support and irrelevant to the question of whether venue in this case is properly found in the Southern District.

Having examined the extrinsic evidence submitted by the parties, and drawing all reasonable inferences in favor of Van Zon, the Court finds that Van Zon has failed to meet his burden of showing that Powers resides in the Southern District.

If a defendant prevails on a motion to dismiss for improper venue, the court retains discretion to decline to dismiss the case in the interests of justice in favor of a transfer to any district where the case could initially have been brought. See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, (2d Cir. 2005) (noting that courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). "When exercising such discretion, due consideration should be given to the purpose behind 28 U.S.C. § 1406(a), which is 'that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.'" Burrows Paper Corp. v. R.G. Eng'g, Inc., 363 F. Supp. 2d 379, 387 (S.D.N.Y. 2005) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962)).

Although dismissal of this case would not bar Van Zon from commencing a new action in another district,[1] dismissal would force the plaintiff to endure the expense of re-filing the action.  See Hatfield v. Asphalt Int'l, Inc., No. 03 Civ. 1372, 2004 U.S. Dist. LEXIS 2036, at *16 (S.D.N.Y. Feb. 10, 2004) (finding that transfer was in the interest of justice because dismissal "would force [the plaintiff] to expend significant time and money filing a new action in a new forum").  Moreover, Powers does not seek to have the case dismissed, but rather to have the action transferred to the Northern District.  Because Powers has shown that she resides at Copake Falls, venue in this action is appropriate in the Northern District of New York, as the judicial district in which the sole defendant resides. 28 U.S.C. § 1391(a)(1). Accordingly, because the interests of justice will be served by the transfer of this case, the action is transferred to the Northern District of New York.

## **CONCLUSION**

For the foregoing reasons, this action is hereby transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a).  The Clerk of the Court is directed to transfer

---

[1] Because Van Zon's claims arose on or about February 1, 2005, he would not be barred from re-filing the case in another district by New York's three-year statute of limitations governing personal injury claims. See N.Y. C.P.L.R. § 214(5).

the file in this action to the Clerk of the Court in the Northern District of New York.

SO ORDERED.

Dated:      New York, New York
            December /3, 2006

                                        *John F. Keenan*
                                        _____
                                        JOHN F. KEENAN

                                        United States District Judge